Michael Meinert (SBN 243384)
Meinert Law
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA  94597
Telephone: (925) 708-6223
Facsimile: (925) 524-2318
Email: michael@meinertlaw.com

Attorney for Plaintiff
KAREN D. VARNADO

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

KAREN D. VARNADO,

          Plaintiff,

     v.

MIDLAND FUNDING LLC, a
Delaware Limited Liability Corporation
Authorized to do Business in California;
MIDLAND CREDIT MANAGEMENT,
INC., a Kansas Corporation Authorized
to do Business in California; MR.
SAMUEL SHEPPY, individually and in
his official capacity; and DOES 1-21.

          Defendants.

Civil Action No.  4:13-cv-5705

PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF, DAMAGES, INTER
ALIA FOR: VIOLATIONS OF THE
FEDERAL FAIR DEBT COLLECTION
PRACTICES ACT, CALIFORNIA
ROSENTHAL FAIR DEBT COLLECTION
PRACTICES ACT, INTER ALIA

DEMAND FOR JURY TRIAL

     Plaintiff KAREN VARNADO (hereinafter, "Plaintiff") complains against

MIDLAND FUNDING LLC, a Delaware Limited Liability Corporation Authorized to do

Business in California; MIDLAND CREDIT MANAGEMENT, INC., a Kansas Corporation

Authorized to do Business in California; MR. SAMUEL SHEPPY, individually and in his

official capacity; and DOES 1-21 (hereinafter, collectively, "DEFENDANTS") by and through counsel MICHAEL MEINERT as follows:

## I.      INTRODUCTION AND STATEMENT OF THE CASE

1.      This is an action for actual damages, statutory damages, punitive damages, attorney fees, costs and an injunction to prevent further harm to Plaintiff and other consumers and debtors within California, the United States and its various territories or possessions.

2.      DEFENDANTS are debt collectors that repeatedly and incessantly communicated with Plaintiff in a manner directly in violation of the state and federal statutes and common laws cited herein. DEFENDANTS' actions were misleading, false and deceptive. Further, such actions were and are unfair to those entities lawfully engaging in debt collection. This Plaintiff consumer now brings this action to redress these violations of the Federal Fair Debt Collection Practice Act, 15 U.S.C. §1692, *et seq.* (hereinafter, "FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter, "ROSENTHAL FDCPA") and related common law claims enumerated herein.

3.      DEFENDANTS unlawfully contacted Plaintiff in a manner that violated California State, Federal and common laws on several occasions. DEFENDANTS unfairly, repeatedly, frequently, unreasonably, incessantly and harassingly called Plaintiff's home telephone and cellular telephone, despite Plaintiff's lack of prior consent and Plaintiff's written and telephonic requests to cease. DEFENDANTS concealed and misrepresented their identity during those calls and threatened the Plaintiff. DEFENDANTS MIDLAND FUNDING LLC and MIDLAND CREDIT MANAGEMENT, INC. contacted Plaintiff through the U.S. Mail in a manner that was deceptive, misleading, fraudulent and unfair. All such actions and omissions described more fully herein are in violation of the FDCPA, ROSENTHAL FDCPA and common laws at the heart of this litigation.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA 94597
Tel:(925)708-6223 Fax:(925)524-2318

4.      Plaintiff has incurred, and continues to incur attorneys' fees and costs, and is entitled to award of the same.

5.      Plaintiff is entitled to statutory damages.

6.      Plaintiff has suffered emotional injury, including but not limited to: severe and substantial emotional distress.

7.      Plaintiff has also suffered actual damages, including but not limited to: embarrassment, frustration, fear, stress, anxiety, lack of concentration, sleeplessness, exhaustion and related bodily injuries.

8.      Plaintiff is entitled to punitive damages because DEFENDANTS acted with oppression, fraud, recklessness and/or malice.

9.      DEFENDANTS are strictly liable, jointly and severally, for such actions and omissions.


## II.    PARTIES

10.     Plaintiff is a natural person and resident of Alameda County, California.

11.     Plaintiff obtained and used a credit card from Saks Fifth Avenue, through HSBC Bank Nevada, N.A. primarily for personal, family, and household purposes.  Plaintiff defaulted on such credit card/debt.

12.     Plaintiff is therefore a "consumer" and "debtor" as defined by the Fair Debt Collection Practice Act, 15 U.S.C. §1692, *et seq.* (hereinafter, "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter, "ROSENTHAL FDCPA"), and is/was so at all times relevant to this litigation.

13.     Based upon various online Secretary of State searches, it is Plaintiff's information and belief that Defendant MIDLAND FUNDING LLC is a Delaware Limited Liability Corporation registered with the Delaware Secretary of State with file number

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

3978393. It is authorized to do business in California through the California Secretary of State with entity number 200801710065. The listed Agent for Service of Process in California is "Corporation Service Company Which Will Do Business in California as CSC – Lawyers Incorporive Service," 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108. Defendant MIDLAND FUNDING LLC will hereinafter be referred to as "MIDLAND FUNDING."

14. MIDLAND FUNDING is a debt buyer and regularly collects or attempts to collect debts and/or MIDLAND FUNDING's principal business is to purchase and collect debts owed or due utilizing telephones, mails or various instrumentalities of interstate commerce. MIDLAND FUNDING is therefore a "debt collector" as defined by the FDCPA and ROSENTHAL FDCPA, and MIDLAND FUNDING acted as such at all times relevant to this complaint.

15. MIDLAND FUNDING made attempts to collect the debt in a manner that violated the federal and state statutes, along with state common laws at the heart of this litigation.

16. Based upon various online Secretary of State searches, it is Plaintiff's information and belief that Defendant MIDLAND CREDIT MANAGEMENT, INC. is a Kansas Corporation registered with the Kansas Secretary of State with entity number 0048421. It is authorized to do business in California through the California Secretary of State with entity number C2235363. The listed Agent for Service of Process is "Corporation Service Company Which Will Do Business in California as CSC – Lawyers Incorporive Service," 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. Defendant MIDLAND CREDIT MANAGEMENT, INC. will hereinafter be referred to as "MIDLAND CREDIT."

///

17.     MIDLAND CREDIT regularly collects or attempts to collect debts and/or MIDLAND CREDIT's principal business is to collect debts owed or due utilizing telephones, mails or various instrumentalities of interstate commerce.  MIDLAND CREDIT is therefore a "debt collector" as defined by the FDCPA and ROSENTHAL FDCPA, and MIDLAND CREDIT acted as such at all times relevant to this complaint.

18.     MIDLAND CREDIT made attempts to collect the debt in a manner that violated the federal and state statutes, along with common laws at the heart of this litigation.

19.     Plaintiff has received communications from the various "Midlands" entities with multiple variations of the "Midlands" name and multiple addresses, including the following:

"MCM"
Dept. 12421
PO Box 603
Oaks, PA  19456

"Midland Funding LLC"
(no address stated)

"Midland Credit Management, Inc."
(no address stated)

"Customer Support Services"
8875 Aero Drive, Suite 200
San Diego, CA 92123

"MCM Credit Reporting Department"
8875 Aero Drive, Suite 200
San Diego, CA 92123

"MAIL PAYMENTS TO:"
P.O. Box 60578
Los Angeles, CA  900600578

"Midland Credit Management"
Dept. 12421
PO Box 603
Oaks, PA  19456

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

"Midland Credit Management Corporation Service Company"
2710 Gateway Oaks Road
Suite 150N
Sacramento, CA 95833

MCM "Midland Credit Management, Inc."
8875 Aero Drive, Suite 200
San Diego, CA 92123

20.     Because of the several business names and multiple locations created by and utilized by the various Midlands entities, it is impossible for Plaintiff to decipher exactly how its/their pieces all fit together prior to discovery. Therefore, the various Midland entities and locations will collectively be referred to herein as "MIDLAND DEFENDANTS." Plaintiff prays for, and reserves the right to, amend this complaint as more information is gathered about the various entities and locations through investigation and discovery.

21.     The MIDLAND DEFENDANTS made attempts to collect the debt in a manner that violated the federal and state statutes, along with common laws at the heart of this litigation.

22.     Based upon conversations and voice mail recordings received, it is Plaintiff's information and belief that Defendant, SAMUEL SHEPPY (hereinafter, "SHEPPY"), is an employee of, agent for, or otherwise authorized to do business for, the MIDLAND DEFENDANTS. SHEPPY regularly collects or attempts to collect debts and/or SHEPPY's principal business is to collect debts owed or due utilizing telephones, mails and/or other various instrumentalities of interstate commerce.

23.     SHEPPY is therefore a "debt collector" as defined by the FDCPA and ROSENTHAL FDCPA, and SHEPPY acted as such at all times relevant to this complaint.

24.     SHEPPY made attempts to collect the debt in a manner that violated the federal and state statutes, along with common laws at the heart of this litigation.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA 94597
Tel:(925)708-6223 Fax:(925)524-2318

25.     Plaintiff is currently ignorant of the names and capacities of the Defendants herein sued as DOES 1-21, inclusive, and therefore sues those Defendants under fictitious names.  Upon information and belief, Plaintiff alleges that each of the fictituously-named Defendants are responsible in some form for the occurrences, and proximately caused the damages, alleged in this Complaint.  At such time as the true name(s) and capacity(ies) of any of those Defendants becomes known, Plaintiff intends to amend this complaint to include their true names and capacities and may respectfully request leave to amend from this Court to add allegations against them, as warranted and necessary.

26.     Each of the DEFENDANTS herein, whether currently or fictitously named, are and were parent or subsidiaries or, employers or employees of, agents and/or otherwise authorized to do business for, one another.  Each of the DEFENDANTS herein, whether currently named or fictitously named, acted within and/or continue to act within, the scope of that employment, agency and/or authorization when performing the acts or omissions enumerated herein.  Furthermore, each of the DEFENDANTS herein, whether currently named or fictitously named, conspired to, approved and/or ratified those acts or omissions enumerated herein.

27.     Each of the DEFENDANTS named herein are believed to, and are alleged to, have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other DEFENDANTS, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

### III.    JURISDICTION AND VENUE

28.     Jurisdiction and Venue in the United States District Court, Northern District of California, Oakland Division, is appropriate as: this dispute involves predominant issues of federal law, Plaintiff resides in this District and Division, Plaintiff's injuries occurred in

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

this district, all acts at issue and described herein occurred in this district and DEFENDANTS conduct substantial business in this district. 28 U.S.C. §1332; 28 U.S.C. §1391(b) and 28 U.S.C. §1331.

29.   DEFENDANTS are liable unto Plaintiff pursuant to the provisions of the FDCPA and other applicable federal laws. DEFENDANTS are also liable unto Plaintiff pursuant to the provision of the California ROSENTHAL FDCPA and other California common law claims, which may be brought under the Supplemental Jurisdiction of this Court pursuant to 28 U.S.C. 1367, *et seq*.

### III.   INTRADISTRICT ASSIGNMENT

30.   Assignment in Oakland Division of the United States District Court, Northern District of California is appropriate pursuant to Civil L.R. 3-2(c & d), as: a substantial part of the events or omissions which give rise to the claim occurred within the County of Alameda.

### IV.   FACTS

31.   All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

32.   Plaintiff incurred a financial obligation on a Saks Fifth Avenue credit card through HSBC Bank Nevada, N.A. that was primarily incurred for personal, family or household purposes. Plaintiff subsequently defaulted upon that credit card/debt. Such financial obligation is therefore a "debt" within the FDCPA and a "consumer debt" within the ROSENTHAL FDCPA.

33.   Plaintiff is informed and believes that sometime thereafter, that debt was sold, assigned or otherwise transferred to MIDLAND FUNDING, who subsequently directed one of their affiliated MIDLAND CREDIT companies to attempt to collect the debt. As

PLAINTIFF'S COMPLAINT                          -8-                          Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA 94597
Tel:(925)708-6223 Fax:(925)524-2318

1   mentioned above and further illustrated below, Because of the various business names and

2   multiple locations created by and utilized by the various Midlands entities, it is impossible

3   for Plaintiff to decipher and lacks capacity to untangle the various "Midland" entities and

4   their exact relationships.   Therefore, Plaintiff prays for leave to amend this complaint as

5   needed or required.

6       34.     On or about May 15, 2013, Plaintiff received a letter from the MIDLAND

7   DEFENDANTS attempting to collect the allegedly-owed debt.   It is difficult to decipher

8   exactly who has what interest in the debt and where the various entities reside, as that

9   correspondence contains all of the following enumerated entities and addresses:

10      "MCM"
11      Dept. 12421
        PO Box 603
12      Oaks, PA  19456

13      "Midland Funding LLC"
        (no address stated)
14
        "Midland Credit Management, Inc."
15      (no address stated)

16      "Customer Support Services"
        8875 Aero Drive, Suite 200
17      San Diego, CA 92123

18      "MCM Credit Reporting Department"
        8875 Aero Drive, Suite 200
19      San Diego, CA 92123

20      "MAIL PAYMENTS TO:"
        P.O. Box 60578
21      Los Angeles, CA  90060-0578

22
23      35.     The utter bombardment of the Plaintiff with so many entities from multiple

    states by the MIDLAND DEFENDANTS illustrates the false representations, elusive and
24
    deceptive means employed by them in concerted effort to attempt to collect the subject debt.
25  ///
26

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

36.     Along with the false and misleading business names listed above, that May 15, 2013 letter threatened that collection calls and letters will not stop unless and until payment is tendered by Plaintiff and that a negative credit report may be submitted for failure to fulfill the terms of Plaintiff's credit obligations.

37.     MIDLAND DEFENDANTS' May 15, 2013 letter also falsely stated that "Midland Funding LLC is entitled to payment of this account" in the amount of $9,766.24, which falsely represented the character, amount and legal status of the subject debt.

38.     MIDLAND DEFENDANTS' May 15, 2013 letter also falsely stated that "If you notify MCM , in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment." As of the drafting of this complaint, Plaintiff has received no verification of the debt.

39.     MIDLAND DEFENDANTS' May 15, 2013 letter also threatened that " a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."   MIDLAND DEFENDANTS made this threat without legal owner ship of the debt.

40.     On June 4, 2013 Plaintiff sent the MIDLAND DEFENDANTS a letter requesting that they cease all telephonic contact, that the debt is disputed and requested that they provide validation of the debt, as outlined by the California ROSENTHAL FDCPA and the Federal FDCPA.  Pursuant to those laws, all communications with Plaintiff were then to cease immediately until such time as the MIDLAND DEFENDANTS provided verification of that debt.   No validation or verification has ever been received from any of the DEFENDANTS as of the drafting of this complaint.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

41.     Despite Plaintiff's letter requesting DEFENDANTS cease all telephonic contact, informing them that the debt is disputed and requesting that they provide validation of the debt, and in violation of California and Federal Laws, MIDLAND DEFENDANTS and SHEPPY made good on their unlawful threats by making repeated and continuous telephone calls, including 3 to 5 times daily within June and July of 2013. Further, SHEPPY himself contacted Plaintiff on her cellular phone, leaving several recorded messages.

42.     Upon information and belief, including but not limited to a conversation with SHEPPY, Plaintiff alleges that DEFENDANTS utilize an automatic dialing and announcing device and telephone system with the capacity to store and automatically dial telephone numbers (hereinafter, "autodialer").

43.     Upon information and belief, including but not limited to the repeated calls and a conversation with SHEPPY, Plaintiff alleges that DEFENDANTS utilize this autodialer technology when calling Plaintiff and others about the alleged and other debts.

44.     Upon information and belief, including but not limited to the repeated calls and a conversation with SHEPPY, Plaintiff alleges that DEFENDANTS utilizes "spoofing" techniques and technology that masks the origin of the calls in conjunction with its autodialer when calling Plaintiff and others about the alleged and other debts.

45.     MIDLAND DEFENDANTS caused Plaintiff's home and cellular telephones to ring continuously and incessantly for weeks, including nights and weekends, including but not limited to the instances listed below. MIDLAND DEFENDANTS also utilized an autodialer to make repeated and continuous telephone calls during that time, fraudulently concealing its identity attempting to collect the debt.

46.     MIDLAND DEFENDANTS' contacted Plaintiff telephonically four times on Sunday, July 7, 2013.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

47.     MIDLAND DEFENDANTS' contacted Plaintiff telephonically 3 times on July 8, 2013.

48.     MIDLAND DEFENDANTS' contacted Plaintiff telephonically 3 times on July 9, 2013.

49.     MIDLAND DEFENDANTS' contacted Plaintiff telephonically 3 times on July 10, 2013.

50.     MIDLAND DEFENDANTS' contacted Plaintiff telephonically 2 times on July 11, 2013.

51.     On July 11, 2013, Plaintiff once again received a call from DEFENDANTS. At that time, Defendant SHEPPY identified himself as "Account Manager at extension 52497" with MIDLAND DEFENDANTS.  Attempting to collect the alleged debt, SHEPPY threatened Plaintiff and falsely stated that unless Plaintiff paid the alleged debt, that interest would continue to accrue, the debt balance would increase and any settlement offer received from them in the future would increase.   SHEPPY admitted to the MIDLAND DEFENDANTS utilizing an autodialer with its "spoofing" techniques and technology that masks the origin of the calls to call Plaintiff.  After receiving these threats and harassment from SHEPPY and requesting once again that they not contact her, Plaintiff hung up on SHEPPY.

52.     Despite Plaintiff disputing the debt and requesting that DEFENDANTS cease communication with her and validate the debt in writing and telephonically, SHEPPY himself called Plaintiff on her cellular phone and left a recorded message on July 17, 2013.

53.     SHEPPY called Plaintiff on her cellular phone and left a recorded message on July 23, 2013.

54.     SHEPPY called Plaintiff on her cellular phone and left a recorded message on July 29, 2013.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

55.     SHEPPY called Plaintiff on her cellular phone and left a recorded message on August 3, 2013.

56.     In numerous calls DEFENDANTS engaged in threatening, misleading, deceptive, false and fraudulent practices in an attempt to collect the debt, including but not limited to: utilizing their autodialer and "spoofing" techniques and technology hiding the call's true origin, failing to disclose who was calling and the purpose of the call, and threatening the Plaintiff.

57.     DEFENDANTS created a false sense of urgency in payment of the alleged debt.

58.     Defendant called Plaintiff from multiple locations, phone numbers, and caller ID names.

59.     Plaintiff's privacy was violated and interrupted by MIDLAND DEFENDANTS' calls and autodialer calls"

60.     Plaintiff's mental and physical health has worsened from the stress of DEFENDANTS' calls, unlawful autodialer calls and threats.

## V.      FIRST CAUSE OF ACTION: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND APPLICATION OF THE STATUTE

61.     All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

### Application of the Statute

62.     Pursuant to the FDCPA, a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. §1692a(3).

63.     Plaintiff is a natural person allegedly obligated to pay a debt as defined within the FDCPA.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

64.     Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).  The debt was in default at the time of transfer to the DEFENDANTS.

65.     Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

66.     DEFENDANTS enumerated herein are "debt collectors" as defined by the FDCPA.  DEFENDANTS regularly, directly and indirectly collect or attempt to collect debts utilizing instrumentalities of interstate commerce and the mails owed or due or asserted to be owed or due from another.  As SHEPPY acted is an employee of, agent for, or otherwise authorized to do business for MIDLAND DEFENDANTS, MIDLAND DEFENDANTS are vicariously liable for SHEPPY's violating actions.   SHEPPY's violations and personal conduct also exposes him to personal and individual liability.

67.     The FDCPA applies in this case because the Plaintiff is a "consumer" and "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, that debt is in default and the DEFENDANTS are "debt collectors" that attempted to collect a defaulted debt owed to a third party.

68.     DEFENDANTS' acts and omissions, tactics and conduct as more fully described herein constitute multiple violations of the FDCPA.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

### FDCPA Violation:  Unusual or Inconvenient Communication

69.     The Fair Debt Collection Practices Act states, in pertinent part, that "[w]ithout the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after [8:00 a.m.] and before [9:00 p.m.], local time at the consumer's location."  15 U.S.C. §1692c(a)(1).

70.     In this case, Plaintiff informed MIDLAND DEFENDANTS that they should not contact Plaintiff.  Nevertheless, MIDLAND DEFENDANTS contacted Plaintiff on nights and/or weekends.

71.     MIDLAND DEFENDANTS telephonically contacted Plaintiff on multiple occasions, including nights and/or weekends after the MIDLAND DEFENDANTS were instructed not to contact Plaintiff and that the Plaintiff disputed the debt.

**72.**     DEFENDANTS violated section 15 U.S.C. §1692c(a)(1) of the FDCPA by contacting Plaintiff in the manner described herein.

### FDCPA VIOLATION:  Failing to Cease Communication

73.     The Fair Debt Collection Practices Act states, in pertinent part, that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt… or wishes the debt collector to cease further communication… the debt collector shall not communicate further… except: (1) to advise the consumer that… further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

applicable, to notify the consumer that the debt collector intends to invoke a specified remedy." 15 U.S.C. §1692c(c).

74.     Despite Plaintiff notifying DEFENDANTS in writing on June 4, 2013 that Plaintiff refuses to pay the debt and wishes that the debt collector cease further telephonic communication with Plaintiff, DEFENDANTS continued to contact Plaintiff continuously and incessantly as described herein attempting to collect the debts, and outside any of the statutory exceptions above.

75.     DEFENDANTS' conduct could have only served to harass, oppress, and abuse Plaintiff in connection with the collection of the subject debt in violation of 15 U.S.C. §1692d.

76.     DEFENDANTS violated section 15 U.S.C. §1692c(c) and 15 U.S.C. §1692d of the FDCPA by the acts and omissions described herein.

### FDCPA VIOLATION:  Harassment and Abuse

77.     The Fair Debt Collection Practices Act states in pertinent part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation:…
> (5)  Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6)  Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

15 U.S.C. §1692d.

78.     Additionally, it is a violation of the above statute to telephone a debtor directly after the debtor hangs up on the collector.  (See *Venes v. Professional Serv. Bureau, Inc.*, 353 N.W.2d 671 (Minn. Ct. App. 1984).

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

79.      DEFENDANTS contacted Plaintiff continuously and incessantly for weeks and months as enumerated herein.  DEFENDANTS caused Plaintiff's telephone to ring, left recorded messages and/or engaged in conversation with Plaintiff as described herein.  The same constitutes unlawful repeated or continuous telephone contact within the parameters of the FDCPA.

80.      DEFENDANTS' conduct intended, and could have only served to, harass, oppress, and abuse Plaintiff in connection with the collection of the subject debt.

81.      DEFENDANTS' conduct are also unlawful threats in violation of, the FDCPA at 15 U.S.C. §1692e enumerated below.

82.      DEFENDANTS violated section 15 U.S.C. §1692d of the FDCPA by the acts and omissions described herein.

## FDCPA VIOLATION: False, Deceptive or Misleading Representations, Threats, Unfair Practices and Unlawful Conduct.

83.      The Fair Debt Collection Practices Act states in pertinent part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…

(2)  The false representation of--

(A)  the character, amount, or legal status of any debt…

(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken…

(8)  Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed…

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt...”

15 U.S.C. §1692e.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

84. Further, The FDCPA states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. The act further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by any agreement and/or permitted by law." 15 U.S.C. §1692f(1).

85. DEFENDANTS violated the statute by the acts and omissions enumerated herein, which falsely representing the character, amount and legal status of the subject debt.

86. The MIDLAND DEFENDANTS violated the statute upon their first contact to Plaintiff by threatening to continue to make calls, negatively reporting upon Plaintiff's credit report and sending more letters unless Plaintiff met their demands. All DEFENDANTS continued in this threatening manner through their ceaseless contact with Plaintiff as enumerated herein using means and methods prohibited by the FDCPA.

87. Not only did DEFENDANTS unfairly and unconscionably attempted to collect the debt in amounts not expressly authorized by any agreement and/or permitted by law, they concurrently threatened to continue their attempts to do so. DEFENDANTS had no legal and/or contractual basis for such a threats or demands.

88. Further, DEFENDANTS violated the statute by threatening to take legal action which could not legally be taken.

89. As illustrated above, Plaintiff has received communications from the various "Midlands" entities with multiple variations of the "Midlands" name and multiple addresses, including the following:

"MCM"
Dept. 12421
PO Box 603
Oaks, PA 19456

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA 94597
Tel:(925)708-6223 Fax:(925)524-2318

"Midland Funding LLC"
(no address stated)

"Midland Credit Management, Inc."
(no address stated)

"Customer Support Services"
8875 Aero Drive, Suite 200
San Diego, CA 92123

"MCM Credit Reporting Department"
8875 Aero Drive, Suite 200
San Diego, CA 92123

"MAIL PAYMENTS TO:"
P.O. Box 60578
Los Angeles, CA  900600578

"Midland Credit Management"
Dept. 12421
PO Box 603
Oaks, PA  19456

"Midland Credit Management Corporation Service Company"
2710 Gateway Oaks Road
Suite 150N
Sacramento, CA  95833

MCM "Midland Credit Management, Inc."
8875 Aero Drive, Suite 200
San Diego, CA 92123

90.     Plaintiff believes and therefore avers that DEFENDANTS use elusive,
misleading and deceptive business names and multiple locations as illustrated above to shift
debts between various companies in attempt to undermine the protections of the
ROSENTHAL FDCPA and the Federal FDCPA.  Because of the elusive, misleading and
deceptive business names and multiple locations created by and utilized by the various
Midlands entities, it is impossible for Plaintiff to decipher exactly how its/their pieces all fit
together prior to discovery.  Plaintiff prays for, and reserves the right to, amend this

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

complaint as more information is gathered about the various entities and locations through investigation and discovery.

91.     Based upon the various entities at multiple addresses and multiple entities at various addresses, Plaintiff believes and therefore avers that the MIDLAND DEFENDANTS intentionally create various companies to elusively and deceptively shuffle accounts between their own debt buying and debt collecting businesses for various reasons in violation of federal and state law.  SHEPPY also participates in such activity.

92.     Plaintiff believes and therefore avers that MIDLAND DEFENDANTS shuffle accounts between their own debt buying and debt collecting businesses, and use different names in attempt to create the impression that a new debt collector has taken over the case.

93.     Plaintiff believes and therefore avers that MIDLAND DEFENDANTS inundate Plaintiff and other consumers with multiple business entities and addresses in order to shuffle accounts between their own debt buying and debt collecting businesses so that they can deny to having knowledge of consumers' whereabouts and knowledge of consumers' requests to cease communications, disputing of the debt and requests for validation.

94.     Plaintiff believes and therefore avers that all DEFENDANTS have knowledge of this deceptive plan, that all DEFENDANTS participated in developing this deception, and/or that all DEFENDANTS ratify and actively further this deceptive plan with regularity.

95.     DEFENDANTS violated the statute by employing false representations and deceptive means to attempt to collect the subject debt.  Further, DEFENDANTS' actions and violation of the statutes unfairly and unconscionably attempted to collect the debt in amounts not expressly authorized by any agreement and/or permitted by law.  DEFENDANTS had and have no legal and/or contractual basis for such threats or demands.

96.     DEFENDANTS' use of such tactics gave them an unfair advantage over like-situated competitive debt collectors in violation of the FDCPA.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

97.     The acts and omissions of DEFENDANTS described herein naturally result in harassment, oppression and abuse in violation of 15 U.S.C. §1692d.

98.     DEFENDANTS violated sections 15 U.S.C. §1692d, 15 U.S.C. §1692e and 15 U.S.C. §1692f of the FDCPA by the acts and omissions described herein.

### FDCPA VIOLATION: Disputed Debt Violation

99.     The FDCPA states:

> "If the consumer notifies the debt collector in writing within the thirty-day period…that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt…and a copy of such verification…is mailed to the consumer by the debt collector."

15 U.S.C. §1692g(b).

100.    As requested within the MIDLAND DEFENDANTS May 15, 2013 letter, Plaintiff sent the MIDLAND DEFENDANTS a letter on June 4, 2013 requesting that they cease all telephonic contact, that the debt is disputed and requested that they provide validation of the debt, as outlined by the FDCPA.  Accordingly, all communications with Plaintiff were then to cease immediately until such time as the MIDLAND DEFENDANTS provided verification of that debt.  No validation or verification has ever been received from any of the DEFENDANTS as of the drafting of this complaint.

101.    DEFENDANTS' repeated and continuous telephone calls and voice messages as described herein despite Plaintiff's dispute of the debt and requests for them to cease contact and validate the debt within thirty days violated the portion of the FDCPA enumerated above.

102.    The acts and omissions of DEFENDANTS described herein naturally result in harassment, oppression and abuse in violation of 15 U.S.C. §1692d.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

103.    DEFENDANTS violated sections 15 U.S.C. §1692d and 15 U.S.C. §1692g of the FDCPA by the acts and omissions described herein.

### DEFENDANTS' FDCPA VIOLATIONS IN TOTO

104.    All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

105.    DEFENDANTS' violations of the FDCPA as described herein were intentional, willful, wanton, unfair, unconscionable, unreasonable, reckless and outrageous.

106.    Plaintiff was injured by DEFENDANTS actions and Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

107.    The actions of DEFENDANTS enumerated herein constitute an invasion of the Plaintiff's privacy and an intrusion upon Plaintiff's right to seclusion.  The intrusion upon Plaintiff's seclusion and invasion of privacy is specifically addressed within the FDCPA. "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).  Using the FDCPA to stop the DEFENDANTS' actions from intruding into Plaintiff's privacy and seclusion is exactly what Congress intended:  "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. §1692(e).

108.    Defendant's unlawful and abusive collection practices and communication with Plaintiff constituted a substantial invasion upon Plaintiff's seclusion and privacy in a manner that is highly offensive to a reasonable person and a direct violation of the FDCPA.

109.    As a result of these violations, Plaintiff now pursues DEFENDANTS for actual damages, statutory damages, attorney fees and costs to prevent further harm to Plaintiff, as well as future harm to other consumers and debtors within California, the United States and its various territories or possessions.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

110.   Plaintiff is entitled to punitive damages because DEFENDANTS acted with oppression, fraud, recklessness and/or malice.

111.   DEFENDANTS are strictly liable, jointly and severally, for such actions and omissions.

## VI.    SECOND CAUSE OF ACTION: VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND APPLICATION OF THE STATUTE

112.   All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

### Application of the Statute

113.   Pursuant to the ROSENTHAL FDCPA, a "person" means a natural person, partnership, corporation, etc… Cal. Civ. Code § 1788.2(g).

114.   The ROSENTHAL FDCPA defines a "consumer credit transaction" as a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family or household purposes.  Cal. Civ. Code § 1788.2(e).

115.   The ROSENTHAL FDCPA defines "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction."  Cal. Civ. Code § 1788.2(f).

116.   The ROSENTHAL FDCPA defines a "debtor" as "a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due or owing from such person."  Cal. Civ. Code § 1788.2(h).

117.   Plaintiff is a natural person allegedly obligated to pay a consumer debt as defined within the FDCPA.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

118.    Pursuant to the ROSENTHAL FDCPA, the term "debt collector" means "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."   Cal. Civ. Code § 1788.2(c).

119.    DEFENDANTS enumerated herein are "debt collectors" as defined by the ROSENTHAL FDCPA.   DEFENDANTS regularly, in the ordinary course of business engage in debt collection on behalf of itself or others.  As SHEPPY acted is an employee of, agent for, or otherwise authorized to do business for MIDLAND DEFENDANTS, the MIDLAND DEFENDANTS are vicariously liable for SHEPPY's violating actions.  SHEPPY's violations and personal conduct also exposes him to personal and individual liability.

120.    Therefore, the ROSENTHAL FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a consumer credit transaction, and the DEFENDANTS are "debt collectors" that attempted to collect a debt.

121.    Further, the ROSENTHAL FDCPA specifically incorporates the Federal FDCPA by stating that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b **to** 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  Cal. Civ. Code §1788.17 (emphasis added).  Therefore, should this Court find that any of the DEFENDANTS committed unfair acts or practices in violation within 15 U.S.C. §1692b through 15 U.S.C. §1692k of the Federal FDCPA, the California ROSENTHAL FDCPA automatically applies (*per se* violation).

///

///

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

**ROSENTHAL FDCPA VIOLATION:  Unfair Pratices – Threats and Unlawful**

**Conduct**

122.    The ROSENTHAL FDCPA states:

+

**"§1788.10  Threats Prohibited.**

No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:…

> (d) The threat to the debtor to sell or assign to another person the obligation of the debtor to pay a consumer debt, with an accompanying false representation that the result of such sale or assignment would be that the debtor would lose any defense to the consumer debt;…
> (f) The threat to take any action against the debtor which is prohibited by this title."

Cal. Civ. Code §1788.10

123.    The MIDLAND DEFENDANTS violated the statute upon their first contact to Plaintiff by threatening to continue to make calls and send letters unless Plaintiff met their demands.  Further, SHEPPY threatened to take numerous actions not lawfully available during his contact with the Plaintiff.  All DEFENDANTS continued in this threatening manner through their ceaseless contact with Plaintiff as enumerated herein using means and methods prohibited by the ROSENTHAL FDCPA.

124.    Not only did DEFENDANTS unfairly and unconscionably attempted to collect the debt in amounts not expressly authorized by any agreement and/or permitted by law, they concurrently threatened to continue their attempts to do so.  Defendant had no legal and/or contractual basis for such a threats or demands.

125.    DEFENDANTS violated Cal. Civ. Code §1788.10 of the ROSENTHAL FDCPA by the acts and omissions described herein.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

## ROSENTHAL FDCPA VIOLATION: Unidentified Calls

126.   The ROSENTHAL FDCPA states that "[n]o debt collector shall collect or attempt to collect a consumer debt by… [p]lacing telephone calls without disclosure of the caller's identity. Cal. Civ. Code §1788.11(b).

127.   MIDLAND DEFENDANTS caused Plaintiff's telephone to ring continuously and incessantly for weeks and months, including nights and weekends, sometimes utilizing an autodialer to make repeated and continuous telephone calls through during that time, fraudulently concealing its identity attempting to collect the debt.

128.   On July 11, 2013, Defendant SHEPPY admitted to the MIDLAND DEFENDANTS utilizing "spoofing" techniques and technology that masks the origin of the calls in conjunction with its autodialer when calling Plaintiff.

129.   DEFENDANTS violated Cal. Civ. Code §1788.11(b) of the ROSENTHAL FDCPA by the acts and omissions described herein.

## ROSENTHAL FDCPA VIOLATION: Continuous, Repetitive and Harassing Calls

130.   The ROSENTHAL FDCPA states that "[n]o debt collector shall collect or attempt to collect a consumer debt by… [c]ausing a telephone to ring repeatedly or continuously to annoy the person called." Cal. Civ. Code §1788.11(d).

131.   The ROSENTHAL FDCPA further states that "[n]o debt collector shall collect or attempt to collect a consumer debt by "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances. Cal. Civ. Code §1788.11(e).

132.   DEFENDANTS violated the statute by causing Plaintiff's telephone to ring continuously and incessantly for weeks and months, including nights and weekends, which communicated with the Plaintiff in a manner that annoyed and harassed the Plaintiff.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

133.    DEFENDANTS violated Cal. Civ. Code §1788.11(d) and Cal. Civ. Code §1788.11(e) of the ROSENTHAL FDCPA by the acts and omissions described herein.

### **ROSENTHAL FDCPA VIOLATION:  False Representation**

134.    The ROSENTHAL FDCPA states:

"**§1788.13  False Representations Prohibited – Identity of Collector; Documents; Fees and Charges; Institution of Proceedings; Assignment.**

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(a) Any communication with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting;…
(e) The false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation;
(f) The false representation that information concerning a debtor's failure or alleged failure to pay a consumer debt has been or is about to be referred to a consumer reporting agency;…
(i) The false representation of the true nature of the business or services being rendered by the debt collector;…
(l) Any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency."

Cal. Civ. Code §1788.13

135.    MIDLAND DEFENDANTS violated the statute by falsely communicating with Plaintiff by concealing their true identity utilizing "spoofing" techniques and technology that masks the origin of the calls in conjunction with its autodialer when calling Plaintiff.

136.    The utter bombardment of the Plaintiff with so many entities from multiple states enumerated above by the MIDLAND DEFENDANTS illustrates the false representations and elusive and deceptive means employed by them in concerted effort to attempt to collect the subject debt in violation of the ROSENTHAL FDCPA

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

137.   Along with the false and misleading business names listed above, that May 15, 2013 letter threatened that collection calls and letters will not stop unless payment is tendered by Plaintiff and that a negative credit report may be submitted for failure to fulfill the terms of Plaintiff's credit obligations.

138.   MIDLAND DEFENDANTS violated the statute by falsely communicating with Plaintiff by concealing their true identity and/or on whose behalf they are acting

139.   The ROSENTHAL FDCPA further states that "No debt collector shall collect or attempt to collect a consumer debt by… [c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." (Cal. Civ. Code § 1788.14(b)).

140.   DEFENDANTS violated the statute by falsely representing to Plaintiff that the debt will be increased by service fees, finance charges, and/or other charges when such fees or charges may not legally be added to the existing obligation attempted to be collected in amounts not expressly authorized by any agreement and/or permitted by law. DEFENDANTS had no legal and/or contractual basis for such a threat or demand.

141.   DEFENDANTS violated the statute by falsely representing to Plaintiff the true nature of the business or services being rendered by the debt collector.

142.   MIDLAND DEFENDANTS violated the statute by communicating to Plaintiff and demanding money without the claim actually being assigned to it.

143.   Further, the acts and omissions of DEFENDANTS described herein resulted in a threat to take any action against Plaintiff prohibited by the ROSENTHAL FDCPA in violation of is title Cal. Civ. Code §1788.10(f).

///

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

144.   DEFENDANTS violated Cal. Civ. Code §1788.13, Cal. Civ. Code § 1788.14(b) and Cal. Civ. Code §1788.10(f) of the ROSENTHAL FDCPA by the acts and omissions described herein.

**ROSENTHAL FDCPA VIOLATION:** *Per Se* **ROSENTHAL FDCPA Violation With Federal FDCPA Violation**

145.   The ROSENTHAL FDCPA specifically incorporates virtually all sections of the Federal FDCPA through reference:  "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b **to** 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."  Cal. Civ. Code §1788.17 (emphasis added).

146.   Plaintiff specifically incorporates and re-alleges all paragraphs within this Complaint regarding Sections 15 U.S.C. §1692b through 15 U.S.C. §1692k by reference as though fully set forth herein.

147.   Along with the unique remedies provided within the ROSENTHAL FDCPA, the California Legislature specifically determined that any violation found within 15 U.S.C. §1692b through 15 U.S.C. §1692k also violates the ROSENTHAL FDCPA.  Accordingly, this Court should also use the Federal FDCPA standards of unfair and deceptive practices to determine if the defendant violated California's ROSENTHAL FDCPA in the case at hand.

148.   The intermingling and fusion of the ROSENTHAL FDCPA and the Federal FDCPA illustrates the desire of lawmakers to protect Plaintiff and persons similarly situated by the actions of DEFENDANTS.  Virtually any violation of the Federal FDCPA by DEFENDANTS is a *per se* violation of the California ROSENTHAL FDCPA

149.   Therefore, should this Court find that any of the DEFENDANTS committed unfair acts or practices in violation of any provision within 15 U.S.C. §1692b through 15

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

U.S.C. §1692k of the Federal FDCPA, it should also find a violation of the California ROSENTHAL FDCPA.

150.    DEFENDANTS violated multiple provisions within 15 U.S.C. §1692b through 15 U.S.C. §1692k of the Federal FDCPA.  Therefore, they also violated Cal. Civ. Code §1788.17 of the ROSENTHAL FDCPA by the acts and omissions described herein.

## **DEFENDANTS' ROSENTHAL FDCPA VIOLATIONS IN TOTO**

151.    All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

152.    DEFENDANTS' acts and omissions, as more fully described herein, constitute multiple violations of the ROSENTHAL FDCPA.

153.    DEFENDANTS' violations of the ROSENTHAL FDCPA as described herein were intentional, willful, wanton, unfair, unconscionable, unreasonable, reckless and outrageous.

154.    Plaintiff was injured by DEFENDANTS' actions and DEFENDANTS' actions are a direct and proximate cause of Plaintiff's injuries.

155.    The intermingling and fusion of the ROSENTHAL FDCPA and the Federal FDCPA illustrates the desire of lawmakers to protect Plaintiff and persons similarly situated by the actions of DEFENDANTS.  Therefore, virtually any violation of the Federal FDCPA by DEFENDANTS is a *per se* violation of the ROSENTHAL FDCPA.

156.    DEFENDANTS' actions illustrate exactly why an injunction is necessary and proper to protect Plaintiff, as well as other California and United States consumers and debtors from similar actions in violation of federal and state law.

157.    As a result of these violations, Plaintiff now pursues DEFENDANTS for actual damages, statutory damages, attorney fees, costs and an injunction to prevent further harm to Plaintiff, as well as other California and United States consumers and debtors.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

158.   Plaintiff is entitled to punitive damages because DEFENDANTS acted with oppression, fraud, recklessness and/or malice.

159.   DEFENDANTS are strictly liable, jointly and severally, for such actions and omissions.

## VII.   THIRD CAUSE OF ACTION: NEGLIGENCE

160.   All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

161.   DEFENDANTS owed Plaintiff a duty to communicate with Plaintiff in a lawful, respectful and reasonable manner, and/or refrain from harassing, outrageous, abusive and unlawful collection practices and communication.  DEFENDANTS breached that duty.

162.   DEFENDANTS' conduct herein was wrongful, in that DEFENDANTS conducted their business and selves in an abusive, harassing, outrageous and unlawful manner.

163.   The wrongful conduct and actions of the DEFENDANTS herein are unlawful, abusive, outrageous and intrusive constituting negligent infliction of emotional distress.

164.   DEFENDANTS' acts and omissions constitute wrongful conduct that DEFENDANTS foresaw or should have reasonably foreseen that the conduct would cause severe and substantial emotional distress to Plaintiff.

165.   As a direct, actual and proximate cause of DEFENDANTS' harassing, outrageous, abusive and unlawful conduct and collection practices and communication, Plaintiff has suffered severe and substantial emotional distress.

166.   Plaintiff's distress naturally ensued from the acts and omissions of the DEFENDANTS described herein.

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

167.   As a direct, actual and proximate cause of DEFENDANTS' acts and omissions, Plaintiff has also suffered actual damages, including but not limited to: embarrassment, frustration, fear, stress, anxiety, lack of concentration, sleeplessness, exhaustion, related bodily injuries and objective physical symptoms.

168.   DEFENDANTS' acts and omissions herein constitute negligence, as they owed Plaintiff a duty of reasonable care in communicating with Plaintiff and attempting to collect the alleged debt, said duties were breached, and those breaches were the actual and proximate cause of damages suffered by Plaintiff.

169.   DEFENDANTS' acts and omissions demonstrate a willful and conscious disregard of the rights and safety of others and constitute repugnant and despicable conduct. Such disregard and conduct subjected Plaintiff to cruel and unjust hardship and emotional trauma.

170.   DEFENDANTS' actions illustrate exactly why an injunction is necessary and proper to protect Plaintiff, as well as other California and United States consumers and debtors from similar actions in violation of federal and state law.

171.   Plaintiff has suffered damages directly and proximately caused by DEFENDANTS' conduct in an amount to be determined at trial.

172.   Plaintiff is entitled to punitive damages because DEFENDANTS acted with oppression, fraud, recklessness and/or malice.

173.   DEFENDANTS are strictly liable, jointly and severally, for such actions and omissions.

///

///

///

///

PLAINTIFF'S COMPLAINT                    -32-

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

## VIII.   FOURTH CAUSE OF ACTION: INTRUSION UPON SECLUSION

174.    All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

175.    Plaintiff had and has a common law right to a reasonable expectation of privacy, seclusion and solitude within Plaintiff's private affairs, home, telephones and place of employment.

176.    Plaintiff had and has an objectively reasonable expectation of privacy, seclusion and solitude within Plaintiff's private affairs, home, telephones and place of employment.

177.    Intrusion upon seclusion and invasion of privacy is specifically addressed within the FDCPA.  "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).  Using the FDCPA to stop the DEFENDANTS' actions from intruding into Plaintiff's privacy and seclusion is exactly what Congress intended:  "[i]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. §1692(e).

178.    The acts and omissions of DEFENDANTS enumerated herein penetrated the privacy and intruded upon the solitude and seclusion of the Plaintiff tortuously and unlawfully constitute an invasion of the Plaintiff's privacy and an intrusion upon Plaintiff's right to privacy, solitude and seclusion.

179.    DEFENDANTS' intentional unlawful and abusive collection practices and communication with Plaintiff constituted a substantial invasion upon Plaintiff's privacy, solitude and seclusion in a manner that is highly offensive to an ordinarily reasonable person and a direct violation of the FDCPA.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

180.   DEFENDANTS' acts were intentional and/or with reckless disregard of the probable outcome of intruding upon Plaintiff's privacy, solitude and seclusion

181.   DEFENDANTS' acts were intentional and/or with reckless disregard of the probable outcome and cause of Plaintiff's emotional distress.

182.   DEFENDANTS' actions illustrate exactly why an injunction is necessary and proper to protect Plaintiff, as well as other California and United States consumers and debtors from similar actions in violation of federal and state law.

183.   Plaintiff has suffered damages, including but not limited to: intrusion upon privacy, solitude and seclusion, emotional distress, injury, loss and harm.

184.   Plaintiff's damages were actually, directly and proximately caused by DEFENDANTS' conduct in an amount to be determined at trial.

185.   Plaintiff is entitled to punitive damages because DEFENDANTS acted with oppression, fraud, recklessness and/or malice.

186.   DEFENDANTS are strictly liable, jointly and severally, for such actions and omissions.

## IX.   PRAYER FOR RELIEF

187.   All paragraphs within this Complaint are enumerated, incorporated and re-alleged by Plaintiff through reference as though fully set forth herein.

188.   Plaintiff prays for judgment to be entered against the DEFENDANTS as follows:

### Prayer for Injunctive Relief

189.   Plaintiff prays for an Injunction requiring DEFENDANTS to permanently cease all unlawful practices and procedures complained of in this action, and within 30 days implement procedures and policies designed to insure DEFENDANTS' practices and procedures comply with all statutory and common laws complained of herein. Such practices

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

and procedures will also include the institution of a disciplinary system that will investigate and immediately discipline – up to and including termination – any employee or agent that is found to violate those practices and procedures implemented.

190.    Plaintiff prays for an Injunction preventing DEFENDANTS, along with their parent entities, subsidiaries, partners, agents, employees and all persons or entities acting in concert with them, from ever again contacting Plaintiff for any reason whatsoever.

191.    Plaintiff prays for an Injunction preventing DEFENDANTS from ever again collecting upon the subject debt.

192.    Plaintiff prays for an Injunction preventing DEFENDANTS from ever selling, transferring, or assigning this debt.

193.    Plaintiff prays for an Injunction preventing DEFENDANTS from ever again unlawfully contacting any California State debtor after the debtor requests that DEFENDANTS cease such contacts.

194.    Plaintiff prays for an Injunction preventing any potential or actual: assignor, assignee, buyer, seller, licensor, licensee, agents, heirs, beneficiaries, subsidiaries, parent company, customer and/or any other person or entity who may hereafter legally seek to collect on this claim, from ever being allowed to recover any amounts, consideration, interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise lawfully or unlawfully chargeable to the debtor on such claim.

195.    Plaintiff prays that any Injunction granted herein also provide for affirmative injunctive relief of $10,000 in liquidated damages for each and every instance/occurrence of the injunction being violated, including attorneys' fees and costs for enforcement of the same, to be paid to Plaintiff or anyone else harmed in violation of the injunction by DEFENDANTS.  Further, that the DEFENDANTS be jointly and severally liable for any liquidated damages awarded to Plaintiff for said violations.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

**Prayer Under the Federal Fair Debt Collection Practices Act**

196.    Plaintiff prays for a Declaration that the DEFENDANTS, and each of them, violated the Federal Fair Debt Collection Practices Act.

197.    Plaintiff prays for Actual and Compensatory damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1692 et. seq.

198.    Plaintiff prays for Statutory damages in the amount of $1,000 against each of the DEFENDANTS, pursuant to 15 U.S.C. §1692 et. seq.

199.    Plaintiff prays for the costs of the action, together with a reasonable attorney's fee as determined by the court pursuant to 15 U.S.C. §1692 et. seq.

200.    Plaintiff prays for punitive damages an amount to be determined at trial, because DEFENDANTS acted with oppression, fraud recklessness and/or malice.

**Prayer Under the California Rosenthal Fair Debt Collection Practices Act**

201.    Plaintiff prays for a Declaration that the DEFENDANTS, and each of them, violated the California Rosenthal Fair Debt Collection Practices Act.

202.    Plaintiff prays for Actual and Compensatory damages in an amount to be proven at trial, pursuant to Cal. Civ. Code §1788 et. seq.

203.    Plaintiff prays for Statutory damages in the amount of $1000 against each of the DEFENDANTS, pursuant to Cal. Civ. Code §1788 et. seq.  Pursuant to Cal. Civ. Code §1788.32, the "remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law."

204.    Plaintiff prays for the costs of the action, together with a reasonable attorney's fee as determined by the court pursuant to Cal. Civ. Code §1788 et. seq.

205.    Plaintiff prays that all damages awarded herein for violation of the ROSENTHAL FDCPA be cumulative and in addition to any other procedures, rights, or remedies under any other provision of law pursuant to Cal. Civ. Code §1788 et. seq.

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

206.    Plaintiff prays for punitive damages in an amount to be determined at trial, because DEFENDANTS acted with oppression, fraud recklessness and/or malice.

### Prayer Under the Theory of Negligence

207.    Plaintiff prays for Actual and Compensatory damages in an amount to be determined at trial.

208.    Plaintiff prays for punitive damages in an amount to be determined at trial, because DEFENDANTS acted with oppression, fraud recklessness and/or malice.

### Prayer Under the Theory of Intrusion Upon Seclusion

209.    Plaintiff prays for Actual and Compensatory damages in an amount to be determined at trial.

210.    Plaintiff prays for punitive damages an amount to be determined at trial, because DEFENDANTS acted with oppression, fraud recklessness and/or malice.

### Prayer for Attorneys' Fees and Costs

211.    Plaintiff prays for costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et. seq.

212.    Plaintiff prays for costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to Cal. Civ. Code §1788 et. seq.

### Prayer for Interest, Other Equitable and Just Relief and to Amend

213.    Plaintiff prays for interest on any amounts awarded as authorized by law.

214.    Plaintiff prays for other relief as the Court deems equitable and just.

215.    Plaintiff prays for leave to amend this complaint as needed or required.

///

///

///

///

Michael Meinert, Meinert Law
2950 Buskirk Ave., Ste. 300
Walnut Creek, CA  94597
Tel:(925)708-6223  Fax:(925)524-2318

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **REQUEST FOR TRIAL BY JURY**

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R. Civ. Proc. 38.

Dated:  December 10, 2013

Respectfully submitted,


/S/  Michael Meinert
MICHAEL R. MEINERT (SBN 243384)
Meinert Law
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA  94597
Telephone: (925) 708-6223
Facsimile: (925) 524-2318
Email: michael@meinertlaw.com

PLAINTIFF'S COMPLAINT                -38-