**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN D VARNADO,                                    No. C-13-05705 DMR

        Plaintiff(s),                          **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOCKET NO. 15]**

        v.

MIDLAND FUNDING LLC,

        Defendant(s).

_____/

Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MF") (collectively, "Midland") have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Docket No. 15.]  Midland seeks dismissal of Plaintiff Karen Varnado's state law causes of action for negligence and intrusion upon seclusion, and Plaintiff's requests for punitive damages and declaratory and injunctive relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq.

The court finds that the motion is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the motion is **granted in part and denied in part.**

## I.  FACTS

United States District Court

For the Northern District of California

The following facts are taken from the allegations in the complaint. *See* Docket No. 1. Plaintiff obtained and used a credit card from Saks Fifth Avenue, through HSBC Bank Nevada, N.A. Compl. at ¶ 11. Plaintiff used the card primarily for personal, family and household purposes. *Id.* Plaintiff defaulted on her credit card debt. *Id.*

Sometime thereafter, the debt was sold or otherwise transferred to MF, a Delaware corporation, a debt buyer whose principal business is to purchase and collect debts owed, using various instrumentalities of interstate commerce. Compl. at ¶¶ 13-14, 33. MF subsequently directed MCM,[1] an affiliated company, to collect the debt. Compl. at ¶ 33.

On May 15, 2013, Plaintiff received a letter from Midland attempting to collect the debt. Compl. at ¶ 34. The letter included references to entities called "MCM," "Midland Funding LLC," "Midland Credit Management, Inc.", and "MCM Credit Reporting Department," and listed at least three addresses associated with these entities. Compl. at ¶ 34. The letter stated that "Midland Funding LLC" was entitled to payment in the amount of $9,766.24 for Plaintiff's account. Compl. at ¶ 37. The letter stated: "If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment." Compl. at ¶ 38. The letter also stated that collection calls and letters would not stop unless and until payment is tendered by Plaintiff and that a negative credit report may be submitted for failure to fulfill the terms of Plaintiff's credit obligations. Compl. at ¶¶ 36, 39.

On June 4, 2013, Plaintiff sent Midland a letter requesting that it cease all telephonic contact, stating that the debt was disputed and requesting a validation of the debt. Compl. at ¶ 40. Plaintiff has not received any verification of the debt. Compl. at ¶ 38.

Despite Plaintiff's request that Midland cease telephonic contact, Midland and its employee Sam Sheppy[2] made "repeated and continuous phone calls, including 3 to 5 times daily within June

---

[1] MCM is a Kansas corporation. Compl. at ¶ 16. Its principal business is to collect debts owed, using various instrumentalities of interstate commerce. Compl. at ¶ 17.

[2] Sam Sheppy is an employee of Midland, and regularly collects or attempts to collect debts. Compl. at ¶ 22.

and July of 2013."  Compl. at ¶ 41.  Defendants called Plaintiff from multiple locations, phone numbers, and caller ID names.  Compl. at ¶ 58.  Midland called Plaintiff's home and cell phones "continuously and incessantly for weeks, including [on] nights and weekends," using the autodialing technology "to make repeated and continuous telephone calls during that time" and "spoofing" technology to "fraudulently conceal[] its identity [while] attempting to collect the debt."  Compl. at ¶¶ 42-45.  Among other actions, Midland contacted Plaintiff by phone four times on July 7, 2013; three times on July 8, 2013; three times on July 9, 2013; three times on July 10, 2013; and two times on July 11, 2013.  Compl. at ¶¶ 46-50.

On July 11, 2013, Plaintiff received a call from Sheppy, who identified himself as "Account Manager at extension 52497" for Midland.  Sheppy attempted to collect the debt and stated that unless Plaintiff paid the alleged debt, interest would continue to accrue, the debt balance would increase and any settlement offer received from them in the future would increase.  Compl. at ¶ 51.  Sheppy stated that Midland used an autodialer with "spoofing" technology.  *Id.*  Plaintiff again requested that Midland not contact her, then Plaintiff hung up on Sheppy.  *Id.*

On July 17, 2013, Sheppy called Plaintiff on her cell phone and left a recorded message.  Compl. at ¶ 52.  He did the same on July 23, July 29, and August 3, 2013.  Compl. at ¶¶ 53-55.

Plaintiff alleges that Defendants "engaged in threatening, misleading, deceptive, false and fraudulent practices in an attempt to collect the debt, including but not limited to: utilizing their autodialer and 'spoofing' techniques and technology hiding the call's true origin, failing to disclose who was calling and the purpose of the call, and threatening the Plaintiff."  Compl. at ¶ 56.  Plaintiff also alleges that Defendants "created a false sense of urgency in payment of the alleged debt."  Compl. at ¶ 57.  Plaintiff alleges her privacy was violated and interrupted by Midland's calls and her mental and physical health deteriorated from the stress of those calls.  *Id.* at ¶¶ 59-60.

Plaintiff brings four causes of action: (1) violation of the FDPCA; (2) violation of the Rosenthal Act; (3) negligent infliction of emotional distress; and (4) intrusion upon seclusion.  Plaintiff also requests punitive damages, and injunctive and declaratory relief.

## II.  LEGAL STANDARD

United States District Court

For the Northern District of California

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

### III. DISCUSSION

**A. Negligent Infliction of Emotional Distress**

Plaintiff alleges that Defendants owed her a duty to communicate with her in a lawful, respectful and reasonable manner, and refrain from harassing, outrageous, abusive and unlawful collection practices and communication, that Defendants breached that duty, and that the breach was the direct and proximate cause of Plaintiff's severe and substantial emotional distress. Compl. at ¶¶ 160-173.

"Negligent infliction of emotional distress" is not an independent tort doctrine. *See Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 984 (1993) ("[T]here is no independent tort of

United States District Court

For the Northern District of California

1    negligent infliction of emotional distress").  Rather, "[n]egligent infliction of emotional distress is a

2    form of the tort of negligence, to which the elements of duty, breach of duty, causation and damages

3    apply."  *Griffith v. Bank of Am., N.A.*, No. CV-11-5867 PA (FFMx), 2011 WL 6849048 at * 9 (C.D.

4    Cal. Dec.13, 2011) (quoting *Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal.4th 124, 129 (1993)).

5    "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a

6    claim for negligence." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095, 283

7    Cal.Rptr. 53 (1991). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software

8    Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 481, 56 Cal.Rptr.2d 756

9    (1996).  "The existence of a legal duty to use reasonable care in a particular factual situation is a

10   question of law for the court to decide." *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F.Supp.2d

11   1191, 1198 (E.D. Cal. 2009) (quoting *Vasquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278,

12   12 Cal.Rptr.3d 846 (2004)).

13          In California, although damages for emotional distress may be recovered in the absence of

14   either physical injury or impact, *Molien v. Kaiser Found. Hospitals,* 27 Cal.3d 916, 930 (1980), the

15   extent to which defendants may be liable for negligent infliction of emotional distress without

16   physical injury has been limited due to public policy considerations.  *Bro v. Glaser*, 22 Cal.App.4th

17   1398, 1440-41, 27 Cal.Rptr.2d 894 (1994).  Recovery for emotional distress in negligence cases is

18   generally not available "unless malice, breach of a fiduciary duty, physical injury or impact, or some

19   other unusually extreme or outrageous circumstance, can be shown."  *Miranda v. Field Asset Servs.*,

20   No. 11-CV-1514-GPC-JMA, 2013 WL 3283701 at *5 (S.D. Cal. June 27, 2013) (citing *Branch v.

21   Homefed Bank,* 6 Cal.App.4th 793, 801, 8 Cal.Rptr.2d 182 (1992)).  The court in *Chaconas v. JP

22   Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010), surveyed California case law

23   and described the following negligence cases where courts have allowed plaintiffs to pursue

24   emotional distress claims:

25          a doctor misdiagnosing a plaintiff's wife with syphilis, *see Molien v. Kaiser Foundation
            Hospitals,* 27 Cal.3d 916, 930-31, (1980), a hired therapist sexually molesting a plaintiff's
26          sons, *Marlene* [*F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583, 591 (1989)], a
            school board failing to notify a plaintiff that her daughter was sexually molested by a fellow
27          student, *Phyllis P. v. Superior Court,* 183 Cal.App.3d 1193, 1197-98, 228 Cal.Rptr. 776
            (1986), a crematorium mishandling the remains of plaintiffs' close relative, *Christensen v.

28

                                                      5

*Superior Court,* 54 Cal.3d 868, 894-896, 2 Cal.Rptr.2d 79, 820 P.2d 181 (1991), and a company's unlawful disposal of toxic waste which caused plaintiff to develop a fear of cancer after ingesting contaminated water, *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 985, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993).

*Chaconas*, 713 F. Supp. 2d at 1186.

Debt collectors and debtors do not generally have a special relationship, and where no threat of physical injury is alleged, allegations of unfair debt collection practices are insufficient to state "the type of duty that California courts would find sufficient to state a claim for negligent infliction of emotional distress." *Chaconas,* 713 F. Supp. 2d at 1187.[3] *Id. See also Inzerillo v. Green Tree Servicing LLC*,[4] No. 13-CV-06010-MEJ, 2014 WL 1347175 at *3, *6 (N.D. Cal. Apr. 3, 2014) (where "Plaintiffs' allegations [that Defendant called one plaintiff at least six times a day and at all hours, called her parents and tenant, threatened to change the locks on her house and foreclose on property] show only that Defendant acted as a loan servicer seeking to collect on a debt . . . , Plaintiffs have failed to allege the type of duty that California courts would find sufficient to state a claim for negligence.").[5]

Accordingly, Plaintiff's negligence claim is dismissed.

## B. Intrusion Upon Seclusion

------

[3]   The court notes that the *Chaconas* court found that California's Rosenthal Act creates a duty for debt collectors to engage in fair, honest, and respectful practices in the collection of consumer debts, but that it did not constitute the kind of special duty or relationship that would support a negligent infliction of emotional distress claim. *Id.*

[4]   The court disagrees with the *Inzerillo* court's summary of the *Chaconas* holding, but nonetheless finds *Inzerillo* instructive because it reaches the same outcome, i.e., that allegations of unfair debt collection practices alone do not state a negligent infliction of emotional distress claim under California.

[5]   Plaintiff relies on *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2011 WL 3176453 (S.D. Cal. July 26, 2011).  In *Tourgeman*, the court denied a motion to dismiss a negligence claim against the defendant debt collector who had filed a lawsuit against the plaintiff without verifying his debt.  The court held that the defendant had failed to identify California cases regarding whether a debtor could state a negligence claim against a debt collector based on its handling of the debtor's account. The court relied on a case that examined New York and New Hampshire law and found that the common law of those states supported a negligence claim for a credit card company's negligent hiring and supervision of debt collectors.  *Colo. Capital v. Owens*, 227 F.R.D. 181, 188 (E.D.N.Y. 2005).  The court  declines to follow *Tourgeman*, as it does not rest on principles of California negligence law.

California recognizes four categories of the tort of invasion of privacy: (1) intrusion upon seclusion, (2) public disclosure of private facts, (3) false light in the public eye, and (4) appropriation of name or likeness.  *Inzerillo*, 2014 WL 1347175 at *3 (citing *Shulman v. Group W Prods., Inc.,* 18 Cal.4th 200, 214 n. 4 (1998)).  An action for invasion of privacy by intrusion upon seclusion has two elements: (1) an intrusion into a private place, conversation, or matter (2) in a manner highly offensive to a reasonable person.  *Id.* (citing *Taus v. Loftus,* 40 Cal.4th 683, 725 (2007)); *see also Deteresa v. Am. Broad. Cos., Inc.,* 121 F.3d 460, 465 (9th Cir.1997) ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.").  The intrusion must be intentional.  *Id.* "In addition, the plaintiff must have had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source."  *Id.* (citing *Shulman,* 18 Cal.4th at 232).

Taking Plaintiff's allegations as true, Plaintiff states a claim for invasion of privacy by intrusion upon seclusion.  According to Plaintiff, Defendants called her 3 to 5 times a day for two months totaling approximately 185 to 300 times, despite Plaintiff's repeated requests for the calls to stop.  Plaintiff also alleges that Defendants used autodial and spoofing technology to mask the identity of the caller.  Repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion.  *Inzerillo*, 2014 WL 1347175 at *4 (plaintiffs stated intrusion upon seclusion claim where defendants called one plaintiff six times a day and at all hours, called her parents and tenant, threatened to change the locks on her house, threatened to disturb her tenants, and a representative threatened that she would personally see that plaintiffs' property "gets foreclosed on"); *Fausto v. Credigy,* 598 F.Supp.2d 1049, 1056 (N.D. Cal. 2009) (claim for invasion of privacy adequately stated where defendant made over 90 calls to the plaintiffs' home, refused to identify itself, made harassing statements, and called back immediately after debtor ended call); *Joseph v. J.J. Mac Intyre Companies, L.L.C.,* 281 F.Supp.2d 1156, 1169 (N.D. Cal. 2003) (debt collector made 200 calls over a 19-month period); *Rowland v. JPMorgan Chase Bank, N.A.,* No. 14-36-LB, 2014 WL 992005 at * 12 (N.D.Cal. Mar. 12, 2014) (finding plaintiffs stated an invasion of privacy where they alleged that bank representatives contacted them many times over a period of

United States District Court

For the Northern District of California

1    years, were harassing on at least one occasion, and repeatedly threatened plaintiffs with

2    foreclosure).[6]

3         Accordingly, Defendants' motion to dismiss the intrusion upon seclusion claim is **denied**.

4    **C. Declaratory and Injunctive Relief; Punitive Damages**

5         Plaintiff requests a declaration that Defendants violated the FDCPA and the Rosenthal Act,

6    as well as injunctive relief and punitive damages.  Defendants contend that declaratory or injunctive

7    relief and punitive damages are not available under either the FDCPA or the Rosenthal Act.

8         Both the state and federal fair debt collection practices acts incorporate statutory schemes

9    that set forth specific limits on the type and amount of damages.  *See* 15 U.S.C. § 1692k (identifying

10   remedies available under FDCPA); Cal. Civ. Code §§ 1788.30 (listing remedies available for

11   violations of the Rosenthal Act) and 1788.17 (expressly adopting remedies set forth in FDCPA).

12   Remedies for claims made under the FDCPA are limited to damages, attorney's fees and costs.  *See*

13   *Wyatt v. Creditcare, Inc.*, No. 04-3681-JF, 2005 WL 2780684 at *3 (N.D. Cal. Oct. 25, 2005); *see*

14   *also* 15 U.S.C. § 1692k.  "The FDCPA contains no express provision for injunctive or declaratory

15   relief in private actions . . . ."  *Sparkman v. Zwicker & Assocs.*, 374 F. Supp. 2d 293, 298 (E.D.N.Y.

16   2005).  "Injunctive and declaratory relief are not available to litigants acting in an individual

17   capacity under the FDCPA."  *Weiss v. Regal Collections*, 342 F.3d 337, 342 (3rd Cir. 2004);

18   *Sparkman*, 374 F. Supp. 2d at 298 (holding that "neither injunctive nor declaratory relief is available

19   to a private litigant under the FDPCA"); *Wyatt*, 2005 WL 2780684 at *3 (injunctive and declaratory

20   relief are not available to private litigants under the FDCPA).  Similar limitations apply to claims

21   brought under the Rosenthal Act.  *See* Cal. Civ. Code §§  1788.30 and 1788.17; *Wyatt*, 2005 WL

22   2780684 at *3 (injunctive and declaratory relief are not available under Rosenthal Act); *Ohlendorf v.*

23   *Am. Home Mortgage Servicing*, 279 F.R.D. 575, 584-85 (E.D. Cal. 2010) (the only relief provided

24   _____

25        [6] Defendants cite *Marseglia v. JP Morgan Chase Bank*, 750 F. Supp. 2d 1171 (S.D. Cal. 2010),
     in which the court dismissed the debtors' intrusion upon seclusion claim where the debtors alleged that

26   the debt collector called the debtors on a daily basis, including early morning and late at night.  The
     *Marseglia* court found that the claim failed because the debtors had not alleged that the debtors ever

27   answered any of these calls or that the debt collector ever made any direct contact with the debtors, two
     factors that were present in other cases in which courts found intrusion upon seclusion claims

28   sufficiently stated.  *Marseglia* is distinguishable because those factors are present in the facts in this
     case.

**United States District Court**
For the Northern District of California

1  by the Rosenthal Act is damages, so even a successful claim does not entitle plaintiff to injunctive

2  relief).  Accordingly, Plaintiff's requests for declaratory and injunctive relief under the FDCPA and

3  Rosenthal Act are dismissed.

4       In addition, neither statute explicitly authorizes punitive damages.  *See* 15 U.S.C. § 1692k;

5  Cal. Civ. Code §§ 1788.30, 1788.17; *Sanchez v. Client Servs., Inc.*, 520 F. Supp. 2d 1149, 1163-64

6  (N.D. Cal. 2007) (statutory schemes for both FDCPA and Rosenthal Act do not authorize punitive

7  damages).  While the Ninth Circuit has not yet determined whether punitive damages are available

8  under the FDCPA, it appears that the majority of courts considering the issue have determined that

9  "punitive damages are not available under the FDCPA."  *Wood v. Midland Credit Mgmt., Inc.*, No.

10  CV-05-3881-FMC-MANX, 2005 WL 3159639 at *5 (C.D. Cal. July 29, 2005) ("The legislature has

11  already provided a statutory damage remedy that is punitive in nature. Allowing an additional

12  separate award of punitive damages would be contrary to legislative intent and would render the

13  limited statutory remedy of 'additional damages' unnecessary.") (citing *Gervais v. O'Connell,*

14  *Harris & Associates, Inc.*, 297 F.Supp.2d 435, 440 (D.Conn. 2003); *Boyce v. Attorney's Dispatch*

15  *Service,* No. C-39-94-397, 1999 WL 33495605 at *2 (S.D. Ohio April 27, 1999); *Aronson v.*

16  *Creditrust Corp.,* 7 F.Supp.2d 589, 594 (W.D.Pa. 1998) ("Based upon the plain language of the

17  statute, and in the absence of any legislative history to the contrary, I find that punitive damages are

18  not recoverable under the FDCPA . . . .")).  The court is persuaded by the reasoning of the *Wood*

19  court and dismisses Plaintiff's request for punitive damages under the FDCPA.[7]

20       Neither side presented binding authority on the subject on whether the Rosenthal Act

21  authorizes punitive damages.  Based on the court's own research, it appears that California courts do

22  not find that the Rosenthal Act authorizes punitive damages.  *See Komarova v. Nat'l Credit*

23  *Acceptance, Inc.*, 175 Cal. App. 4th 324, 341, 95 Cal. Rptr. 3d 880, 893 n. 3 (2009) ("It is not

24  

---

25      [7]  The only case Plaintiff cites in support of his request for punitive damages under the FDCPA

26  is *Kindley v. Flagstar Bank*, No. 04-CV-0319-IEG (WMC), 2004 WL 5631084 (S.D. Cal. Oct. 28,
    2004).  In *Kindley*, the court found that "the availability of punitive damages is not addressed in the

27  statute itself, and the issue has not yet been addressed in any reported case," and denied the defendant's
    motion to strike the claim under the lenient motion to strike standard.  The *Kindley* court did not opine

28  either way regarding whether the FDCPA authorizes punitive damages.

disputed that punitive damages are unavailable under the [Rosenthal] Act"); *First N. Am. Nat. Bank v. Superior Court*, No. B176618, 2005 WL 67123 at *13 (Cal. Ct. App. Jan. 13, 2005) ("The Rosenthal Act only provides for statutory penalties . . . . Thus, the trial court erred to the extent it allowed plaintiffs to maintain a prayer for relief based upon a claim for punitive damages").[8] Accordingly, Plaintiff's request for punitive damages under the Rosenthal Act is dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Midland's motion to dismiss is **granted in part and denied in part**.  The negligence claim is dismissed, as are Plaintiff's requests for injunctive and declaratory relief and punitive damages under the FDCPA and Rosenthal Act.  Plaintiff has sufficiently stated a claim for intrusion upon seclusion, which may support a claim for punitive damages[9].  Because leave to amend must be liberally granted, Plaintiff is granted leave to amend his negligence claim, but only to the extent that Plaintiff can address the deficiencies identified in this order.  Because declaratory and injunction relief and punitive damages are not available under the FDCPA and Rosenthal Act, any amendment to those requests would be futile.  Plaintiff shall file an amended complaint by **May 30, 2014**.

IT IS SO ORDERED.

Dated:  May 15, 2014

DONNA M. RYU
United States Magistrate Judge

---

[8]  Plaintiff cites only *Kindley, see supra* n. 7.  The *Kindley* court noted that "the term 'punitive damages' is not mentioned in [Cal. Civ. Code § 1788.30], [but] the title of the code section specifically refers to both actual *and* punitive damages for violations of the statute."  2004 WL 5631084 at *5.  On that basis alone, the court declined to strike the plaintiff's punitive damages request under the Rosenthal Act.  The *Kindley* court did not analyze whether the words "punitive damages" in the code section title referred to the penalties available under that section.  The court declines to follow *Kindley,* and instead follows the California courts' interpretation of the Rosenthal Act.

[9]  "[P]unitive damages may be available for the torts of wrongful eviction, trespass, invasion of privacy, and intentional infliction of emotional distress."  Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1055, 90 Cal. Rptr. 3d 453, 493 (2009) (citing Cal. Civ. Code § 3294).  "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."  Cal. Civ. Code § 3294 (West)

United States District Court
For the Northern District of California